United States District Court
Southern District of Texas
**ENTERED**
July 26, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XENOS YUEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-3277 |
| | § | |
| TRIPLE B SERVICES, LLP, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court in the above referenced proceeding is Defendant's Triple B Services, LLC's Partial Motion to Dismiss (Doc. No. 13); Defendants Juan Luis Barba, Raul Barba, Jr., Martines Trucking, Danny Arjona, David Vela, MTZ Trucking, Inc., Big R. Truckin, LLC, and Esteban Requena d/b/a Transport Requena A.'s Motion to Dismiss Plaintiff's Complaint (Doc. No. 23); Defendant Ashlar Development, LLC's Rule 12(b)(6) Motion to Dismiss (Doc. No. 49); Judge Stacy's Memorandum and Recommendation (Doc. No. 60); and; and Plaintiff's Objections (Doc. No. 61) to the Memorandum and Recommendation.

This Complaint was filed in September 15, 2018 (Doc. No. 1). It was immediately followed by a First Amended Complaint on September 28, 2019 (Doc. No. 3). A Motion to Dismiss was filed shortly thereafter (Doc. No. 13). Ultimately, other defendants filed motions to dismiss as well (Doc. Nos. 23, 25, 49). Finally, a Second Amended Complaint was filed in April of 2019 (Doc. No. 54). Thus, this lawsuit has been pending for almost one year. The underlying acts about which Plaintiff complains occurred on or about October 6, 2016. Consequently, almost three years has passed since the alleged wrongful acts began.

The Magistrate Judge, in her Memorandum and Recommendation, recommended dismissal of the federal RCRA/CERCLA claims because Plaintiff has not alleged anything more

than the dumping of dirt and has not alleged the dumping of a hazardous substance. Now, after almost three years, Plaintiff has finally tested the dirt and allegedly has identified an alleged hazardous substance in the dirt and wants to file yet another Amended Complaint (Doc. No. 61).

A litigant is supposed to have a good faith basis for filing a complaint before he/she files it. Fed.R.Civ.P. Rule 11. Here it is clear that Plaintiff had not made a reasonable inquiry prior to filing his first three complaints and now having finally done so wants to file a fourth. Even when faced with the motions to dismiss based upon a lack of pleading a hazardous substance, Plaintiff did no testing. Enough is enough. Three strikes and you are out. Plaintiff has had three years to test the dirt in question, yet it waited until <u>after</u> the Magistrate Court had ruled before doing what it should have done years ago.

This is a waste of the resources of the Court and needlessly has increased the cost of this litigation. This Court will not reward this dilatory behavior. The Plaintiff's objections to the Memorandum and Recommendation are denied.

The Court has reviewed the case, *de novo*, and agrees with the Magistrate Judge's conclusion that Plaintiff has not stated a plausible RICO or RCRA claim against Defendants, and that, in its discretion, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Accordingly, it is hereby

**ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation (Doc. No. 61) are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation (Doc. No. 60) is **ADOPTED**; Defendants' Motions to Dismiss (Doc. Nos. 13, 23, 25, 49) are **GRANTED**; and, Plaintiff's RICO AND RCRA/CERCLA claims are **DISMISSED WITH PREJUDICE** pursuant to Rule 12(b)(6). The Court declines to exercise supplemental jurisdiction over the remaining state law claims. It is therefore

**ORDERED** that Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE**.

Entry of this Order shall constitute entry of Final Judgment.

SIGNED at Houston, Texas, this 26th day of July, 2019.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE